# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**REX ASHLEY,**
**Claimant Below, Petitioner**

**FILED**
May 7, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)   No. 13-0459** (BOR Appeal No. 2047847)
(Claim No. 2012018786)

**EASTERN ASSOCIATED COAL, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Rex Ashley, pro se, appeals the decision of the West Virginia Workers' Compensation Board of Review. Eastern Associated Coal, LLC, by Henry C. Bowen, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated April 3, 2013, in which the Board affirmed an October 23, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's January 17, 2012, decision to not grant temporary total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Ashley injured his lower back on September 9, 2011, when he was moving concrete blocks at work. Mr. Ashley reported to Fairmont General Hospital emergency room on September 11, 2011, with complaints of lower back pain. Mr. Ashley applied for workers' compensation benefits. On January 17, 2012, the claims administrator held the claim compensable for a lumbar strain, but further directed that medical treatment be covered only for the date of September 11, 2011. The claims administrator denied Mr. Ashley's request for temporary total disability benefits due to the determination that Mr. Ashley was temporarily and

1

totally disabled secondary to the compensable injury for less than four days. Mr. Ashley protested the denial of temporary total disability benefits.

The Office of Judges determined that Mr. Ashley failed to prove that his lumbar strain resulted in any disability lasting longer than three days. In arriving at its decision, the Office of Judges noted that Mr. Ashley had sought treatment from approximately seven different medical providers for the same injury. The first medical provider, Fairmont General Hospital, diagnosed him with a chronic lower back pain and advised him he could return on the following day. Each successive medical provider found that Mr. Ashley would not be disabled for more than three days based upon the same injury. Mr. Ashley's only evidence to support his temporary total disability claim is treatment notes and work excuse forms from the seven different medical providers. None of the work excuse forms provide detailed medical conclusions or any reasoning behind the conclusions. Accordingly, the Office of Judges concluded that Mr. Ashley could not prove his disability lasted more than three days, which is a requirement under West Virginia Code § 23-4-5 (2003). The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the Office of Judges and the Board of Review. Mr. Ashley has failed to prove that his compensable injury resulted in more than three days of disability. West Virginia Code § 23-4-5 provides the following:

> If the period of disability does not last longer than three days from the day the employee leaves work as the result of the injury, no award shall be allowed, except the disbursements provided for in the two next preceding sections, but if the period of disability lasts longer than seven days from the day the employee leaves work as a result of the injury, an award shall be allowed for the first three days of such disability.

Mr. Ashley did receive a multitude of work excuses from several different doctors from September 23, 2011, through March 6, 2011. However, the evidence that Mr. Ashley has presented is not sufficiently reliable to support his request for temporary total disability benefits. The work excuse forms do not say that he was disabled for more than three days following his injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  May 7, 2015**

2

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum